**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

**TRUSTEES OF THE SOUTHWEST**
**OHIO REGIONAL COUNCIL OF**
**CARPENTERS PENSION PLAN**
6100 Oak Tree Boulevard, Suite #190
Independence, OH 44131

    and

**TRUSTEES OF THE OHIO**
**CARPENTERS' HEALTH FUND**
700 Tower Drive, Suite #300
Troy, MI 48098

    and

**TRUSTEES OF THE OHIO**
**CARPENTERS' ANNUITY PLAN**
6100 Oak Tree Boulevard, Suite #190
Independence, OH 44131

    and

**TRUSTEES OF THE CARPENTERS**
**AND MILLWRIGHTS TRAINING**
**AND EDUCATIONAL TRUST FUND**
204 North Garver Road
Monroe, OH 45050

    and

**TRUSTEES OF THE UBCJA NATIONAL**
**HEALTH AND SAFETY FUND**
204 North Garver Road
Monroe, OH 45050

    and

**UNION CONSTRUCTION**
**ADVANCEMENT PROGRAM OF**
**SOUTHWEST OHIO**
3 Kovach Drive
Cincinnati, OH 45215

    and

**Case No. 1:19-cv-00057**

**INDIANA/KENTUCKY/OHIO**
**REGIONAL COUNCIL OF CARPENTERS**
204 North Garver Road
Monroe, OH 45050

       **Plaintiffs,**

**v.**

**AIC CONTRACTING, INC.**
12100 Mosteller Road, Suite #100
Cincinnati, OH 45241

   and

**AXIS INTERIOR SYSTEMS, INC.**
12 Kiesland Court
Hamilton, OH 45015

   and

**AXIOM FLOORING ENTERPRISES, LLC**
12100 Mosteller Road, Suite #200
Cincinnati, OH 45241

      **Defendants.**

---

## COMPLAINT

    1.    This is an action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C § 1001, *et seq*. Plaintiffs, Trustees of the Southwest Ohio Regional Council of Carpenters Pension Plan and Trustees of the Ohio Carpenters' Health Fund (collectively the "Funds") are employee benefit plans that provide for pension and healthcare benefits. Defendants, AIC Contracting, Inc., Axis Interior Systems, Inc., and Axiom Flooring Enterprises, LLC (collectively "Defendants") are commercial flooring businesses that perform services in Ohio. As signatories to a collective bargaining agreement, or as a member of a controlled group or single enterprise with a signatory to a collective bargaining agreement, or alternatively an alter ego or successor of a signatory to a collective bargaining agreement, Defendants are obligated to remit

contributions to the Funds based upon the number of hours worked by covered employees so that the Funds can provide benefits to Defendants' employees. Defendants have failed, or otherwise refuse, to remit full and correct contributions for work performed under a collective bargaining agreement. The Funds are entitled to delinquent contributions, liquidated damages, and interest for work performed by Defendants under a collective bargaining agreement. The Trustees of the Funds have a fiduciary duty to attempt to collect all amounts due to the Funds, and therefore this suit is levied.

## JURISDICTION AND VENUE

2.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit plan. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3.      Venue is appropriate in this Court under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) because the cause of action described herein is occurring within the jurisdiction of the U.S. District Court for the Southern District of Ohio, Western Division at Cincinnati.

## PARTIES

4.      Plaintiffs, Trustees of the Southwest Ohio Regional Council of Carpenters Pension Plan ("Pension Plan Trustees"), are the fiduciaries of the Southwest Ohio Regional Council of Carpenters Pension Plan ("Pension Plan"), a multiemployer, employee benefit plan and employee pension benefit plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A); ERISA

§ 3(3), 29 U.S.C. § 1002(3); and ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A). The Pension Plan resides in Southern Ohio, and is administered at 6100 Oak Tree Boulevard, Suite #190, Independence, Ohio 44131.

5.    Plaintiffs, Trustees of the Ohio Carpenters' Health Fund ("Health Fund Trustees"), are the fiduciaries of the Ohio Carpenters' Health Fund ("Health Fund"), a multiemployer, employee benefit plan and employee welfare benefit plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A); ERISA § 3(3), 29 U.S.C. § 1002(3); and ERISA § 3(1)(A), 29 U.S.C. § 1002(1)(A). The Health Fund resides in Southern Ohio, and is administered at 700 Tower Drive, Suite #300, Troy, Michigan 48098.

6.    Plaintiffs, Trustees of the Ohio Carpenters' Annuity Plan ("Annuity Plan Trustees"), are the fiduciaries of the Ohio Carpenters' Annuity Plan ("Annuity Plan"), a multi-employer, employee benefit plan and employee pension benefit plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A); ERISA § 3(3), 29 U.S.C. § 1002(3); ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A). The Annuity Plan resides in Southern Ohio, and is administered at 6100 Oak Tree Boulevard, Suite #190, Independence, Ohio 44131.

7.    Plaintiffs, Trustees of the Carpenters and Millwrights Training and Educational Trust Fund ("Training Fund Trustees"), are the fiduciaries of the Carpenters and Millwrights Training and Educational Trust Fund ("Training Fund"), a multiemployer, employee benefit plan and employee welfare benefit plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A); ERISA § 3(3), 29 U.S.C. § 1002(3); ERISA § 3(1)(A), 29 U.S.C. § 1002(1)(A). The Training Fund maintains its principal place of business at 204 North Garver Road, Monroe, Ohio 45050.

8.    Plaintiffs, Trustees of the UBCJA National Health and Safety Fund ("Health and Safety Fund Trustees"), are the fiduciaries of the UBCJA National Health and Safety Fund ("Health and Safety Fund"), a multiemployer, employee benefit plan and employee welfare benefit plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A); ERISA § 3(3), 29 U.S.C. § 1002(3); ERISA § 3(1)(A), 29 U.S.C. § 1002(1)(A). The Health and Safety Fund maintains its principal place of business at 204 North Garver Road, Monroe, Ohio 45050.

9.    Plaintiff, Union Construction Advancement Program of Southwest Ohio ("Advancement Program") is a multiemployer, employee benefit plan and employee welfare benefit plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A); ERISA § 3(3), 29 U.S.C. § 1002(3); ERISA § 3(1)(A), 29 U.S.C. § 1002(1)(A). The Advancement Program maintains its principal place of business at 3 Kovach Drive, Cincinnati, Ohio 45215.

10.    Plaintiff, Indiana/Kentucky/Ohio Regional Council of Carpenters ("Union") is a labor organization as defined in Section 2(5) of the LMRA, 29 U.S.C. § 152(5), and an employee organization as defined by ERISA § 3(4), 29 U.S.C. § 1002(4). The Union represents employees for the purpose of collective bargaining in an industry affecting commerce as defined in Section 2(7) of the LMRA, 29 U.S.C. § 152(7); and ERISA § 3(12), 29 U.S.C. § 1002(12). The Union maintains its principal place of business at 204 North Garver Road, Monroe, Ohio 45050.

11.    Defendant, AIC Contracting, Inc. ("AIC") is an Ohio for-profit corporation with its principal place of business located at 12100 Mosteller Road, Suite #100, Cincinnati, Ohio 45241. At all material times herein, AIC was an employer as defined by Section 3(5) of ERISA, 29 U.S.C. § 1002(5); and Section 2(2) of the LMRA, 29 U.S.C. § 152(2). AIC is engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

12. Defendant, Axis Interior Systems, Inc. ("Axis") is an Ohio for-profit corporation with its principal place of business located at 12 Kiesland Court, Hamilton, Ohio 45015. At all material times herein, Axis was an employer as defined by Section 3(5) of ERISA, 29 U.S.C. § 1002(5); and Section 2(2) of the LMRA, 29 U.S.C. § 152(2). Axis is engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

13. Defendant Axiom Flooring Enterprises, LLC ("Axiom") is an Ohio limited liability company with its principal place of business located at 12100 Mosteller Road, Suite #200, Cincinnati, Ohio 45241. At all material times herein, Axiom was an employer as defined by Section 3(5) of ERISA, 29 U.S.C. § 1002(5); and Section 2(2) of the LMRA, 29 U.S.C. § 152(2). Axiom is engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## RELEVANT FACTS

14. The Pension Plan was established by an Amended Agreement and Declaration of Trust ("Pension Plan Trust Agreement") for the purpose of providing pension benefits. (Exhibit A, Pension Plan Trust Agreement, Article II, Sections 1 and 8, at pp. 5-6). The Pension Plan is an "employee pension benefit plan" as defined by ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A) and is a "multi-employer plan" as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A).

15. The Pension Plan is administered by the Pension Plan Trustees, a joint board of trustees composed of an equal number of employee and employer representatives as required by LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5). The Pension Plan Trustees act as the "plan sponsor" of the Pension Plan as defined by ERISA § 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii).

16.     The Pension Plan Trustees are vested with the authority to collect employer contributions due to the Pension Plan. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 4, at p. 5). Pursuant to this authority, the Pension Plan Trustees adopted a Collection and Delinquency Control Program ("Collection Policy"). (Exhibit B, Collection Policy).

17.     The Health Fund was established by an Agreement and Declaration of Trust ("Health Fund Trust Agreement") for the purpose of providing health benefits to employees and beneficiaries. (Exhibit C, Health Fund Trust Agreement, Article II, Sections 1 and 8, at pp. 6-8). The Health Fund is an "employee welfare benefit plan" as defined by ERISA § 3(1)(A), 29 U.S.C § 1002(1)(A) and is a "multi-employer plan" as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A).

18.     The Health Fund is administered by the Health Fund Trustees, a joint board of trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5). The Health Fund Trustees act as the "plan sponsor" of the Health Fund as defined by ERISA § 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii).

19.     The Health Fund Trustees are vested with the authority to collect employer contributions due to the Health Fund. (Exhibit C, Health Fund Trust Agreement, Article II, Section 4, at pp. 6-7). Pursuant to this authority, the Health Fund Trustees adopted a Collection and Delinquency Control Program ("Collection Policy"). (Exhibit B, Collection Policy).

20.     Michael Ansari ("Ansari") founded Defendants AIC and Axis in 1992 and 2002, respectively, as commercial flooring businesses serving the Ohio market. Ansari also operates Defendant Axiom, an entity for which he is believed to hold shares. Defendants operate as a single employer with interrelated operations, common management, common control of labor, and common ownership, or alternatively, operate as alter egos or successors of the others.

21.     Defendants conduct substantially similar commercial flooring operations in the same geographical areas of Ohio. Upon information and belief, Defendants have completed substantially similar projects for the same customers. For example, Defendants' respective websites highlight identical projects completed by Defendants AIC and Axis for the Bank of Kentucky Arena at Northern Kentucky University, Paul Brown Stadium, and the Dayton Art Institute. (Exhibit D, Web Project Gallery, www.aiccontracting.com/inner/photogallery/public (Jan. 22, 2019); www.axisinteriorsystems.com/inner/photogallery/public (Jan. 22, 2019)).

22.     Prior to 2016, Defendants AIC and Axis were both owned by Ansari and operated out of the same corporate office space at 12 Kiesland Court in Hamilton, Ohio. At present, AIC and Axiom appear to operate out of the same office, with a slight variation in the suite number used for the address for each business.

23.     Upon information and belief, Defendants use some or all of the same equipment. (Exhibit E, Photograph of Shared Equipment).

24.     Upon information and belief, Defendants employ the same employees, who perform work of the same nature, and AIC routinely hired Axis as a subcontractor to complete projects.

25.     In or around November 2003, Ansari, as AIC's duly authorized agent, executed a collective bargaining agreement ("CBA"). (Exhibit F, CBA). As a signatory to the CBA, AIC and entities operating as a single enterprise, successor, or alter ego of AIC, including Axis and Axiom, are obligated to submit hours worked reports, and remit contributions based upon the number of hours worked by covered employees to the Pension Plan and Health Fund, in addition to other employee benefit plans. (collectively, the "Funds") (Exhibit F, CBA, at pp. 6-9).

26.     In December 2014, the Funds filed suit against Defendants AIC and Axis in the United States District Court for the Southern District of Ohio, Western Division, Case No. 1:14-cv-00937-KLL ("2014 Lawsuit") for delinquent contributions, liquidated damages, and interest owed to the Funds for work performed during the period of January 1, 2013 through April 30, 2015.

27.     In exchange for dismissal of the 2014 Lawsuit, Defendants AIC and Axis, in a Settlement Agreement executed December 18, 2015, agreed to be held jointly and severally liable for amounts owed to the Funds pursuant to the terms of the CBA for the period of January 1, 2013 through April 30, 2015. (Exhibit G, 2015 Settlement Agreement).

28.     Effective January 1, 2016 and only two weeks after executing the 2015 Settlement Agreement, Ansari, as sole shareholder of AIC, transferred all 100 shares of AIC to Christopher Lynn Van Kleeck ("Van Kleeck"). Van Kleek was an AIC employee, and purchased the AIC shares for $420,000.00 ("2016 Transfer of Shares"). The Purchase Agreement between Ansari and Van Kleeck specifically warranted that Van Kleeck would satisfy all of AIC's obligations, "including, but not limited to, adequately funding all union benefits, pension and other union obligations." (Exhibit H, Purchase Agreement, Section 4.5, at p. 6).

29.     Upon information and belief, Ansari remained affiliated with AIC during 2016 and 2017 as a consultant and received a salary. (Exhibit H, Purchase Agreement, Section 3.2, at p. 5).

30.     Despite the 2016 Transfer of Shares, AIC remains bound to the terms of the CBA and is obligated to submit monthly reports of hours worked and remit contributions to the Funds for all covered work performed.

31. In addition to AIC's obligations under the CBA as the signatory party, Axis and Axiom are bound to comply with terms of the CBA as a single enterprise, alter ego, or successor to AIC.

32. Despite having an obligation to submit hours worked reports and remit contributions to the Funds, Defendants have failed or otherwise neglected to submit reports and remit full and correct contributions for the period of May 1, 2015 through present day. Because Defendants have failed to submit adequate monthly reports of hours worked by covered employees for the period of May 1, 2015 through present day, the Funds are unable to ascertain the amount Defendants owe the Funds in delinquent contributions, liquidated damages, and interest for the period of May 1, 2015 through present day.

33. An audit of AIC for the period of May 1, 2015 to July 31, 2016 was conducted, but it is believed to be incomplete as it does not adequately reflect the covered work performed by Axis and Axiom for which contributions are due.

34. As a result of Defendants' conduct, Defendants are liable to the Funds for delinquent contributions, liquidated damages, and accruing interest for the period of May 1, 2015 through present day in an amount yet to be determined pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), and LMRA § 301, 29 U.S.C. § 185.

**COUNT I**
**(Against AIC)**
**Failure to Remit Contributions/Reports**
**ERISA § 515, 29 U.S.C. § 1145**

35. The Funds repeat and reallege the allegations set forth in the above paragraphs as if fully rewritten herein.

36. As a signatory to the CBA, AIC is bound to the terms of the CBA, and despite the 2016 Transfer of Shares, remains bound to the CBA. (Exhibit F, CBA; Exhibit H, Purchase

Agreement). In the alternative, post-transfer AIC is a successor corporation and/or alter ego of pre-transfer AIC and remains bound to the terms of the CBA. (Exhibit F, CBA; Exhibit H, Purchase Agreement). Pursuant to the CBA, AIC is obligated to remit contributions to the Funds with a form indicating the number of hours worked by covered employees. (Exhibit F, CBA, at pp. 6-9).

37.     The Trust Agreements are incorporated by reference in the CBA. (Exhibit F, CBA, at pp. 6-9). The Trust Agreements provide that employers are to remit contributions in accordance with the terms of the applicable collective bargaining agreement. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 2, at p. 5; Exhibit C, Health Fund Trust Agreement, Article II, Section 2, at p. 6).

38.     Despite having an obligation to remit contributions due to the Funds, AIC has failed or otherwise neglected to remit full and correct contributions for the period of May 1, 2015 through present day.

39.     Despite having an obligation to submit monthly reports of hours worked by covered employees, AIC has failed or otherwise neglected to submit accurate monthly reports for the period of May 1, 2015 through present day.

40.     AIC's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and therefore the Funds are entitled to delinquent contributions, liquidated damages, and accruing interest for the period of May 1, 2015 through present day in an amount to be determined and reasonable attorney's fees pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

**COUNT II**
**(Against AIC)**
**Breach of Contract & Failure to Remit Contributions/Reports**
**LMRA § 301, 29 U.S.C. § 185**

41.     The Funds repeat and reallege the allegations set forth in the above paragraphs as if fully rewritten herein.

42.     As a signatory to the CBA, AIC is bound to the terms of the CBA, and despite the 2016 Transfer of Shares, remains bound to the CBA. (Exhibit F, CBA; Exhibit H, Purchase Agreement). In the alternative, post-transfer AIC is a successor corporation and/or alter ego of pre-transfer AIC and remains bound to the terms of the CBA. (Exhibit F, CBA; Exhibit H, Purchase Agreement). Pursuant to the CBA, AIC is obligated to remit contributions to the Funds with a form indicating the number of hours worked by covered employees. (Exhibit F, CBA, at pp. 6-9).

43.     The Trust Agreements are incorporated by reference in the CBA. (Exhibit F, CBA, at pp. 6-9). The Trust Agreements provide that employers are to remit contributions in accordance with the terms of the applicable collective bargaining agreement. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 2, at p. 5; Exhibit C, Health Fund Trust Agreement, Article II, Section 2, at p. 6).

44.     Despite having an obligation to remit contributions due to the Funds, AIC has failed or otherwise neglected to remit full and correct contributions for the period of May 1, 2015 through present day.

45.     Despite having an obligation to submit monthly reports of hours worked by covered employees, AIC has failed or otherwise neglected to submit accurate monthly reports for the period of May 1, 2015 through present day.

46.     AIC's conduct is in breach of the CBA, Trust Agreements, and Collection Policy, and therefore the Funds are entitled to delinquent contributions, liquidated damages, and accruing interest in an amount to be determined pursuant to LMRA § 301, 29 U.S.C. § 185.

**COUNT III**
**(Against AIC)**
**Failure to Pay Liquidated Damages and Interest**
**ERISA § 515, 29 U.S.C. § 1145**

47. The Funds repeat and reallege the allegations set forth in the above paragraphs as if fully rewritten herein.

48. As a signatory to the CBA, AIC is bound to the terms of the CBA, and despite the 2016 Transfer of Shares, remains bound to the CBA. (Exhibit F, CBA; Exhibit H, Purchase Agreement). In the alternative, post-transfer AIC is a successor corporation and/or alter ego of pre-transfer AIC and remains bound to the terms of the CBA. (Exhibit F, CBA; Exhibit H, Purchase Agreement). Pursuant to the CBA, AIC is obligated to remit contributions to the Funds on or before the 20th day of the month following the month in which the work was performed. (Exhibit F, CBA, at pp. 6-9).

49. The Trust Agreements are incorporated by reference in the CBA. (Exhibit F, CBA, at pp. 6-9). The Trust Agreements grant the Funds' Trustees with the authority to collect employer contributions. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 4, at p. 5; Exhibit C, Health Fund Trust Agreement, Article II, Section 4, at pp. 6-7).

50. The Collection Policy provides that contributions that are not received by the 20th day of the month following the month in which the work was performed are delinquent and are automatically assessed liquidated damages and interest. (Exhibit B, Collection Policy, Section A.2(a), Section C).

51. AIC has failed or otherwise refuses to remit full and correct contributions due to the Funds for the period of May 1, 2015 through present day and therefore the contributions are delinquent. As such, the Funds are entitled to liquidated damages and accruing interest from the respective due dates for the months of May 2015 through present day.

52. AIC's actions violate ERISA § 515, 29 U.S.C. § 1145, and therefore the Funds are entitled to liquidated damages and interest pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

<u>COUNT IV</u>
**(Against AIC)**
**Breach of Contract & Failure to Pay Liquidated Damages and Interest**
**LMRA § 301, 29 U.S.C. § 185**

53.     The Funds repeat and reallege the allegations set forth in the above paragraphs as if fully rewritten herein.

54.     As a signatory to the CBA, AIC is bound to the terms of the CBA, and despite the 2016 Transfer of Shares, remains bound to the CBA. (Exhibit F, CBA; Exhibit H, Purchase Agreement). In the alternative, post-transfer AIC is a successor corporation and/or alter ego of pre-transfer AIC and remains bound to the terms of the CBA. (Exhibit F, CBA; Exhibit H, Purchase Agreement). Pursuant to the CBA, AIC is obligated to remit contributions to the Funds on or before the 20th day of the month following the month in which the work was performed. (Exhibit F, CBA, at pp. 6-9).

55.     The Trust Agreements are incorporated by reference in the CBA. (Exhibit F, CBA, at pp. 6-9). The Trust Agreements grant the Funds' Trustees with the authority to collect employer contributions. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 4, at p. 5; Exhibit C, Health Fund Trust Agreement, Article II, Section 4, at pp. 6-7).

56.     The Collection Policy provides that contributions that are not received by the 20th day of the month following the month in which the work was performed are delinquent and are automatically assessed liquidated damages and interest. (Exhibit B, Collection Policy, Section A.2(a), Section C).

57.     AIC has failed or otherwise refuses to remit contributions due to the Funds for the period of May 1, 2015 through present day and therefore the contributions are delinquent. As such, the Funds are entitled to liquidated damages and accruing interest from the respective due dates for the months of May 2015 through present day.

58.     AIC's actions are in breach of the CBA, Trust Agreements, and Collection Policy, and therefore the Funds are entitled to liquidated damages and accruing interest pursuant to LMRA § 301, 29 U.S.C. § 185.

**COUNT V**
**(Against Axis)**
**Failure to Remit Contributions/Reports**
**ERISA § 515, 29 U.S.C. § 1145**

59.     The Funds repeat and reallege the allegations set forth in the above paragraphs as if fully rewritten herein.

60.     Defendants, AIC and Axis, operate as a single employer, and because of which, Axis is bound to the CBA to which AIC is signatory. Pursuant to the CBA, Axis is obligated to remit contributions to the Funds with a form indicating the number of hours worked by covered employees. (Exhibit F, CBA, at pp. 6-9).

61.     The Trust Agreements are incorporated by reference in the CBA. (Exhibit F, CBA, at pp. 6-9). The Trust Agreements provide that employers are to remit contributions in accordance with the terms of the applicable collective bargaining agreement. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 2, at p. 5; Exhibit C, Health Fund Trust Agreement, Article II, Section 2, at p. 6).

62.     Despite having an obligation to remit contributions due to the Funds, Axis has failed or otherwise neglected to remit contributions for the period of May 1, 2015 through present day.

63.     Despite having an obligation to submit monthly reports of hours worked by covered employees, Axis has failed or otherwise neglected to submit monthly reports for the period of May 1, 2015 through present day.

64.     Axis's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and therefore the Funds are entitled to delinquent contributions, liquidated damages, and accruing interest for the period of May 1, 2015 through present day in an amount to be determined, and reasonable attorney's fees pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

**COUNT VI**
**(Against Axis)**
**Breach of Contract & Failure to Remit Contributions/Reports**
**LMRA § 301, 29 U.S.C. § 185**

65.     The Funds repeat and reallege the allegations set forth in the above paragraphs as if fully rewritten herein.

66.     Defendants, AIC and Axis operate as a single employer, and because of which, Axis is bound to the CBA to which AIC is signatory. Pursuant to the CBA, Axis is obligated to remit contributions to the Funds with a form indicating the number of hours worked by covered employees. (Exhibit F, CBA, at pp. 6-9).

67.     The Trust Agreements are incorporated by reference in the CBA. (Exhibit F, CBA, at pp. 6-9). The Trust Agreements provide that employers are to remit contributions in accordance with the terms of the applicable collective bargaining agreement. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 2, at p. 5; Exhibit C, Health Fund Trust Agreement, Article II, Section 2, at p. 6).

68.     Despite having an obligation to remit contributions due to the Funds, Axis has failed or otherwise neglected to remit contributions for the period of May 1, 2015 through present day.

69.     Despite having an obligation to submit monthly reports of hours worked by covered employees, Axis has failed or otherwise neglected to submit monthly reports for the period of May 1, 2015 through present day.

70.     Axis's conduct is in breach of the CBA, Trust Agreements, and Collection Policy, and therefore the Funds are entitled to delinquent contributions, liquidated damages, and accruing interest in an amount to be determined pursuant to LMRA § 301, 29 U.S.C. § 185.

**COUNT VII**
**(Against Axis)**
**Failure to Pay Liquidated Damages and Interest**
**ERISA § 515, 29 U.S.C. § 1145**

71.     The Funds repeat and reallege the allegations set forth in the above paragraphs as if fully rewritten herein.

72.     Defendants, AIC and Axis, operate as a single employer, and because of which, Axis is bound to the CBA to which AIC is signatory. Pursuant to the CBA, Axis is obligated to remit contributions to the Funds on or before the 20th day of the month following the month in which the work was performed. (Exhibit F, CBA, at pp. 6-9).

73.     The Trust Agreements are incorporated by reference in the CBA. (Exhibit F, CBA, at pp. 6-9). The Trust Agreements grant the Funds' Trustees with the authority to collect employer contributions. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 4, at p. 5; Exhibit C, Health Fund Trust Agreement, Article II, Section 4, at pp. 6-7).

74.     The Collection Policy provides that contributions that are not received by the 20th day of the month following the month in which the work was performed are delinquent and are automatically assessed liquidated damages and interest. (Exhibit B, Collection Policy, Section A.2(a), Section C).

75.     Axis has failed or otherwise refuses to remit contributions due to the Funds for the period of May 1, 2015 through present day and therefore the contributions are delinquent. As such, the Funds are entitled to liquidated damages and accruing interest from the respective due dates for the months of May 2015 through present day.

17

76. Axis's actions violate ERISA § 515, 29 U.S.C. § 1145, and therefore the Funds are entitled to liquidated damages and interest pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

<u>COUNT VIII</u>
**(Against Axis)**
**Breach of Contract & Failure to Pay Liquidated Damages and Interest**
**LMRA § 301, 29 U.S.C. § 185**

77. The Funds repeat and reallege the allegations set forth in the above paragraphs as if fully rewritten herein.

78. Defendants, AIC and Axis operate as a single employer, and because of which, Axis is bound to the CBA AIC is a signatory to. Pursuant to the CBA, Axis is obligated to remit contributions to the Funds on or before the 20th day of the month following the month in which the work was performed. (Exhibit F, CBA, at pp. 6-9).

79. The Trust Agreements are incorporated by reference in the CBA. (Exhibit F, CBA, at pp. 6-9). The Trust Agreements grant the Funds' Trustees with the authority to collect employer contributions. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 4, at p. 5; Exhibit C, Health Fund Trust Agreement, Article II, Section 4, at pp. 6-7).

80. The Collection Policy provides that contributions that are not received by the 20th day of the month following the month in which the work was performed are delinquent and are automatically assessed liquidated damages and interest. (Exhibit B, Collection Policy, Section A.2(a), Section C).

81. Axis has failed or otherwise refuses to remit contributions due to the Funds for the period of May 1, 2015 through present day and therefore the contributions are delinquent. As such, the Funds are entitled to liquidated damages and accruing interest from the respective due dates for the months of May 2015 through present day.

82.     Axis's actions are in breach of the CBA, Trust Agreements, and Collection Policy, and therefore the Funds are entitled to liquidated damages and accruing interest pursuant to LMRA § 301, 29 U.S.C. § 185.

**COUNT IX**
**(Against Axiom)**
**Failure to Remit Contributions/Reports**
**ERISA § 515, 29 U.S.C. § 1145**

83.     The Funds repeat and reallege the allegations set forth in the above paragraphs as if fully rewritten herein.

84.     Defendants, AIC and Axiom operate as a single employer, and because of which, Axiom is bound to the CBA to which AIC is signatory. Alternatively, Axiom is an alter ego or successor to AIC, and thus, pursuant to the CBA, Axiom is obligated to remit contributions to the Funds with a form indicating the number of hours worked by covered employees. (Exhibit F, CBA, at pp. 6-9).

85.     The Trust Agreements are incorporated by reference in the CBA. (Exhibit F, CBA, at pp. 6-9). The Trust Agreements provide that employers are to remit contributions in accordance with the terms of the applicable collective bargaining agreement. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 2, at p. 5; Exhibit C, Health Fund Trust Agreement, Article II, Section 2, at p. 6).

86.     Despite having an obligation to remit contributions due to the Funds, Axiom has failed or otherwise neglected to remit contributions for the period of May 1, 2015 through present day.

87.     Despite having an obligation to submit monthly reports of hours worked by covered employees, Axiom has failed or otherwise neglected to submit monthly reports for the period of May 1, 2015 through present day.

88.     Axiom's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and therefore the Funds are entitled to delinquent contributions, liquidated damages, and accruing interest for the period of May 1, 2015 through present day in an amount to be determined, and reasonable attorney's fees pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

**COUNT X**
**(Against Axiom)**
**Breach of Contract & Failure to Remit Contributions/Reports**
**LMRA § 301, 29 U.S.C. § 185**

89.     The Funds repeat and reallege the allegations set forth in the above paragraphs as if fully rewritten herein.

90.     Defendants, AIC and Axiom operate as a single employer, and because of which, Axiom is bound to the CBA to which AIC is signatory. Alternatively, Axiom is an alter ego or successor to AIC, and thus, pursuant to the CBA, Axiom is obligated to remit contributions to the Funds with a form indicating the number of hours worked by covered employees. (Exhibit F, CBA, at pp. 6-9).

91.     The Trust Agreements are incorporated by reference in the CBA. (Exhibit F, CBA, at pp. 6-9). The Trust Agreements provide that employers are to remit contributions in accordance with the terms of the applicable collective bargaining agreement. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 2, at p. 5; Exhibit C, Health Fund Trust Agreement, Article II, Section 2, at p. 6).

92.     Despite having an obligation to remit contributions due to the Funds, Axiom has failed or otherwise neglected to remit contributions for the period of May 1, 2015 through present day.

93.     Despite having an obligation to submit monthly reports of hours worked by covered employees, Axiom has failed or otherwise neglected to submit monthly reports for the period of May 1, 2015 through present day.

94.     Axiom's conduct is in breach of the CBA, Trust Agreements, and Collection Policy, and therefore the Funds are entitled to delinquent contributions, liquidated damages, and accruing interest in an amount to be determined pursuant to LMRA § 301, 29 U.S.C. § 185.

### COUNT XI
**(Against Axiom)**
**Failure to Pay Liquidated Damages and Interest**
**ERISA § 515, 29 U.S.C. § 1145**

95.     The Funds repeat and reallege the allegations set forth in the above paragraphs as if fully rewritten herein.

96.     Defendants, AIC and Axiom operate as a single employer, and because of which, Axiom is bound to the CBA to which AIC is signatory. Alternatively, Axiom is an alter ego or successor to AIC, and thus, pursuant to the CBA, Axiom is obligated to remit contributions to the Funds with a form indicating the number of hours worked by covered employees. (Exhibit F, CBA, at pp. 6-9).

97.     The Trust Agreements are incorporated by reference in the CBA. (Exhibit F, CBA, at pp. 6-9). The Trust Agreements grant the Funds' Trustees with the authority to collect employer contributions. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 4, at p. 5; Exhibit C, Health Fund Trust Agreement, Article II, Section 4, at pp. 6-7).

98.     The Collection Policy provides that contributions that are not received by the 20th day of the month following the month in which the work was performed are delinquent and are automatically assessed liquidated damages and interest. (Exhibit B, Collection Policy, Section A.2(a), Section C).

99.     Axiom has failed or otherwise refuses to remit contributions due to the Funds for the period of May 1, 2015 through present day and therefore the contributions are delinquent. As such, the Funds are entitled to liquidated damages and accruing interest from the respective due dates for the months of May 2015 through present day.

100.     Axiom's actions violate ERISA § 515, 29 U.S.C. § 1145 and therefore the Funds are entitled to liquidated damages and interest pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

### COUNT XII
**(Against Axiom)**
**Breach of Contract & Failure to Pay Liquidated Damages and Interest**
**LMRA § 301, 29 U.S.C. § 185**

101.     The Funds repeat and reallege the allegations set forth in the above paragraphs as if fully rewritten herein.

102.     Defendants, AIC and Axiom operate as a single employer, and because of which, Axiom is bound to the CBA to which AIC is signatory. Alternatively, Axiom is an alter ego or successor to AIC, and thus, pursuant to the CBA, Axiom is obligated to remit contributions to the Funds with a form indicating the number of hours worked by covered employees. (Exhibit F, CBA, at pp. 6-9).

103.     The Trust Agreements are incorporated by reference in the CBA. (Exhibit F, CBA, at pp. 6-9). The Trust Agreements grant the Funds' Trustees with the authority to collect employer contributions. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 4, at p. 5; Exhibit C, Health Fund Trust Agreement, Article II, Section 4, at pp. 6-7).

104.     The Collection Policy provides that contributions that are not received by the 20th day of the month following the month in which the work was performed are delinquent and are

automatically assessed liquidated damages and interest. (Exhibit B, Collection Policy, Section A.2(a), Section C).

105.    Axiom has failed or otherwise refuses to remit contributions due to the Funds for the period of May 1, 2015 through present day and therefore the contributions are delinquent. As such, the Funds are entitled to liquidated damages and accruing interest from the respective due dates for the months of May 2015 through present day.

106.    Axiom's actions are in breach of the CBA, Trust Agreements, and Collection Policy, and therefore the Funds are entitled to liquidated damages and accruing interest pursuant to LMRA § 301, 29 U.S.C. § 185.

**WHEREFORE**, the Funds demand the following relief:

A.    An Order compelling Defendants to submit to an audit of its payroll, books, and records in order determine amounts owed in fringe fund contributions for the period of May 1, 2015 through present day, plus any additional interest accrued at the time of an entry of judgment, in an amount yet to be determined;

B.    Judgment in favor of the Funds and against Defendants for unpaid and delinquent contributions owed by Defendants for the period of May 1, 2015 through present day, in an amount yet to be determined;

C.    Judgment in favor of the Funds and against Defendants for liquidated damages and accruing interest from the respective due dates for the period of May 1, 2015 through present day, plus any additional interest accrued at the time of an entry of judgment, in an amount yet to be determined;

D.      An Order compelling Defendants to submit all delinquent hours worked reports for the period of May 1, 2015 through present day, and judgment in favor of the Funds and against Defendants for the amounts shown due and owing on such reports;

E.      That this Court retain jurisdiction over this cause pending compliance with all Orders;

F.      An award of reasonable attorney's fees incurred in connection with this action as provided by the Collection Policy and ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D); and

G.      Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E) pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

Dated:   January 23, 2019

Respectfully submitted,

s/ Jennie G. Arnold
Jennie G. Arnold (0084697)
Tenechia D. Lockhart (0093468)
**LEDBETTER PARISI LLC**
5078 Wooster Road, Suite 400
Cincinnati, OH 45226
937-619-0900
937-619-0999 (fax)
jarnold@fringebenefitlaw.com
tlockhart@fringebenefitlaw.com
*Counsel for Plaintiffs*